IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JAMES COTTON, | ) | 4:18CV3138 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DOUGLAS COUNTY, NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to restrict (Filing 16) and on Plaintiff's motion for miscellaneous relief (Filing 19). For the reasons discussed below, each motion will be granted in part and denied in part.

*I. Defendants' Motion to Restrict*

On February 28, 2019, Defendants filed a motion for summary judgment (Filing 15), together with a supporting brief (Filing 17) and evidentiary materials (Filing 18). Defendants' brief and index of evidence were filed as provisionally restricted access documents pursuant to Nebraska Civil Rule 5.3(c)(1). Only parties of record and court users may routinely access such documents electronically. *See* NECivR 5.3(c)(3).

The Eighth Circuit has recognized there is a common-law right of access to judicial records in a civil proceeding. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *Seidl v. Am. Century Companies, Inc.*, 799 F.3d 983, 994 (8th Cir. 2015); *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies. It also provides a measure of accountability to the public at large, which pays for the courts." *IDT Corp.*, 709 F.3d at 1222 (quotations and

citations omitted). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Defendants' motion states that the brief and exhibits offered in support of their motion for summary judgment "could be deemed confidential in nature, including medical records with protected health information as that term is used in the Health Insurance Portability and Accountability Act (HIPAA) and video footage from cameras within the Douglas County Department of Corrections that could reveal the location of said cameras and compromise the security within the institution" (Filing 16). Under our local rules, however, "[t]he motion must state why filing an unredacted document is necessary and why redaction would not reduce or eliminate the need for restriction." NECivR 5.3(c)(1)(A). "In ruling on the motion, the assigned judge may lift the restriction on the document, strike it, or order the filing party to place a redacted copy of the document on the public docket." NECivR 5.3(c)(2). Because Defendants have not shown that redaction would be impractical or inadequate, I will exercise the third option.

To the extent Defendants have an interest in protecting Plaintiff's medical records, because of HIPAA or other concerns, they already possess the discretionary authority to redact such records under Nebraska Civil Rule 5.3(b)(3) (permitting redaction of "medical or psychological records").[1] Regarding any information

---

[1] It would appear, however, that Plaintiff has waived any right to confidentiality by placing his medical condition at issue in this lawsuit. *See Montin v. Gibson*, No. 4:09CV3102, 2009 WL 2486441, at *2 (D. Neb. Aug. 12, 2009) (plaintiff waived Fourth Amendment right to privacy by placing his medical condition at issue); *Tyson*

-2-

contained in the documents that would reveal the location of security cameras at the Douglas County Department of Corrections, I accept Defendants' representation that disclosure of such information could compromise security at the institution. Defendants therefore are authorized to redact any such information.[2] *See* NECivR 5.3(b)(12) (permitting redaction of "other data as the court orders").

*II. Plaintiff's Motion for Miscellaneous Relief*

Plaintiff has requested that this case be held in abeyance for an indefinite period because he recently had back surgery and is still in pain, he has limited vision and is scheduled for cataract surgery, and he has high blood pressure which may require hospitalization. Plaintiff also requests that Defendants' motion for summary judgment be denied. Alternatively, Plaintiff requests that he be granted an extension of time to respond to Defendants' motion, stating that he needs to "send out Privacy Act and Freedom of Information requests to the Social Security Administration, Department of Health and Human Services, along with Plaintiff's medical records ...." (Filing 19, p. 2). Plaintiff asks that he not be required to respond to the summary judgment motion until he "has received all requests for medical files and records from the SSA, Health and Human Services, Dr. Doran, Dr. Phillips, Dr. Miller, Methodist Hospital, Bergan Mercy, Emmanuel, records in other states, Bureau of Prisons, Tecumseh

---

*v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *2 (W.D. Ky. Jan. 30, 2018) (denying defendant's motion to seal court filing because plaintiff waived statutory protections under HIPAA by placing her medical condition at issue); *Hunt v. United States*, No. CV 18-1006 JHR/KBM, 2018 WL 6002912, at *2 (D.N.M. Nov. 15, 2018) (denying plaintiff's motion to seal court records because plaintiff waived protections under HIPAA and state law by placing medical condition at issue).

[2] The "video footage" that is referenced in Defendant's motion has been transferred to a CD (identified as Attachment A to Exhibit 7, Filing 18-7), which is maintained in the clerk's office and is not available electronically. This CD does not need to be edited in any manner. That is to say, the "Placeholder for Attachment A," page 3 of Filing 18-7, is a sufficient redaction. The CD itself will remain in the clerk's office and will not be uploaded electronically.

Prison and elsewhere for verification of Plaintiff's Complaint" (Filing 19, p. 4). As another alternative, Plaintiff requests that counsel be appointed because he "is not medically capable to proceed in this moment and future" (Filing 19, p. 4). Plaintiff has filed a declaration verifying that all statements made in his motion for miscellaneous relief are true and correct (Filing 20).

Defendants object to Plaintiff's various requests, but indicate they would not oppose a 30-day extension of time for Plaintiff to respond to their summary judgment motion (Filing 21). Defendants' objections are well-taken.

Plaintiff's back surgery (lumbar decompressive laminectomy, foramintomy) was performed on January 21, 2019 (Filing 19, p. 8). Plaintiff states he is experiencing "insufferable pain" because of "complications from the surgery," and "is presently being seen by a physical therapist" (Filing 19, p. 1). Plaintiff also states he "can hardly see at all" because of a cataract in his right eye and blurriness in his left eye; Plaintiff indicates cataract surgery is scheduled, but no date is provided (Filing 19, p. 1). Finally, Plaintiff is being monitored for hypertension (Filing 19, pp. 2, 12).

Although Plaintiff claims to be unable to proceed with this action at the present time because of the foregoing health issues, the court is not convinced. This was Plaintiff's fourth back surgery, and it was performed because he "presented with back pain and neurogenic claudication symptoms as well as radiculopathy down his whole leg" (Filing 19, p. 9). The surgery was performed more than 2 months ago, and there is no evidence that Plaintiff's condition is worse now than it was when he filed this action in October 2018. Similarly, there is no evidence that Plaintiff's impaired vision and high blood pressure are recent developments. In any event, the court will not stay the action or hold Defendants' motion for summary judgment in abeyance until such time as Plaintiff's health improves. *Cf. Radecki v. Joura*, 177 F.3d 694, 696 (8th Cir. 1999) (holding that "the district court correctly stopped short of granting [plaintiff's] request for 'an indefinite continuance of all matters'" on account of plaintiff's alleged disability due to depression).

Also, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. The court, having considered these factors, and, in particular, Plaintiff's claimed inability to proceed pro se because of ongoing health issues, concludes that Plaintiff's request for appointment of counsel should be denied without prejudice to reassertion.

Finally, Plaintiff's request for an extension of time is governed by Rule 56(d) of the Federal Rules of Civil Procedure, which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"The purpose of this rule is to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (quotation and citation omitted). "But to obtain a Rule 56(d) continuance, the nonmovant 'must file an affidavit affirmatively demonstrating ... how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Id.* (quoting *Toben v. Bridgestone Retail Operations, LLC,* 751 F.3d 888, 894 (8th Cir. 2014)). The nonmovant "must identify 'documents or specific facts [that he] believes would contradict' the opposing side's evidence. *Id.* (quoting *Toben*, 751 F.3d at 896).

"Generally, the party seeking relief under Rule 56(d) must, by affidavit, describe '(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Axis Capital, Inc. v. Groninger Ins. Agency, LLC*, No. 8:12CV227, 2013 WL 4099324, at *3 (D. Neb. Aug. 12, 2013) (quoting *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008)).

Plaintiff claims in this case that Douglas County is vicariously liable under the ADA and Rehabilitation Act because two corrections officers did not transport him in a wheelchair on October 24, 2016.[3] Because Douglas County denies that Plaintiff was disabled, certain medical records may be relevant evidence for purposes of deciding the motion for summary judgment. Plaintiff also alleges he has been receiving disability benefits since 2008, so certain Social Security records may likewise be relevant. *See Brown v. Nebraska Dep't of Corr. Servs.*, No. 8:16CV217, 2016 WL 5173232, at *5 (D. Neb. Sept. 21, 2016) ("The fact that the Social Security Administration previously approved Plaintiff's application for disability benefits is relevant, but not dispositive for ADA purposes.") (quotation and citation omitted).

Although Plaintiff's showing fails to establish that the records he is seeking to obtain are "essential" to his opposition to Defendants' motion for summary judgment, and fails to explain why additional time is needed to obtain the records, "Defendants do not object to an extension of thirty (30) days for Plaintiff review, research, and draft an opposition to summary judgment" (Filing 22, p. 1). Defendants, in other words, do not object to extending Plaintiff's response date from March 21, 2019 (21 days after the filing of their motion for summary judgment), to April 22, 2019. However, because Defendants will be required to file redacted copies of their brief and exhibits, Plaintiff will not be required to respond to the motion for summary

---

[3] Plaintiff also claims the officers are personally liable for injuries he sustained on that occasion, allegedly because they used excessive force. The officers claim qualified immunity.

judgment until 21 days after Defendants have filed and served redacted copies of those documents (Filings 17 and 18).[4]

Accordingly,

IT IS ORDERED:

1. Defendants' motion to restrict (Filing 16) is granted in part, as follows: Filing 17 and Filing 18 (including all subparts) will remain restricted access documents, but Defendants shall file redacted copies of those documents. Pursuant to NECivR 5.3(b)(3) and (12), Defendants may redact any medical records and any information that would reveal the location of security cameras at the Douglas County Department of Corrections. In all other respects, Defendants' motion is denied.

2. Plaintiff's motion for miscellaneous relief (Filing 19) is granted in part, as follows: Plaintiff shall not be required to respond to Defendants' motion for summary judgment (Filing 15) until 21 days after Defendants file and serve redacted copies of their supporting brief (Filing 17) and exhibits (Filing 18). In all other respects, Plaintiff's motion is denied.

DATED this 8th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[4] If Plaintiff requires additional time to obtain records he considers essential to showing the existence of a genuine issue of material fact, he will need to file a new motion, supported by an affidavit or declaration, specifying what and where those records are, what he expects they will show, what steps he has taken to obtain them, and how much additional time will be required.