IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES COTTON, | ) | 4:18CV3138 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DOUGLAS COUNTY, NEBRASKA, CORRECTIONS OFFICER STEVENS, and CORRECTIONS OFFICER ESTEVEZ, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on three motions filed by Plaintiff: (1) Filing 26, a motion for extension of time to respond to Defendants' motion for summary judgment, (2) Filing 28, a motion for reconsideration of the court's memorandum and order entered on April 8, 2019, and (3) Filing 29, a motion to preserve and enjoin spoliation of evidence.

(1) Filing 26

Defendants filed a motion for summary judgment on February 28, 2019 (Filing 15). Defendants' supporting brief (Filing 17) and evidentiary materials (Filing 18) were filed as provisionally restricted access documents pursuant to Nebraska Civil Rule 5.3(c)(1), based on Defendants' concern that they included protected health information regarding Plaintiff and video footage from cameras within the Douglas County Department of Corrections that could compromise security within the institution if the location of the cameras was publicly revealed. In a memorandum and order entered on April 8, 2019 (Filing 23), the court, among other things, directed Defendants to file redacted copies of the documents and gave Plaintiff until 21 days after such filing to respond to the motion for summary judgment. Redacted copies of the documents were filed on April 15, 2019 (Filings 24, 25).

On May 10, 2019, Plaintiff filed a motion for extension of time (Filing 26) with a supporting declaration (Filing 27), in which he indicates that the CD containing the video

footage was confiscated as contraband by officials at the Tecumseh State Correctional Institution, who also notified him that he could not be provided equipment to view the CD. Defense counsel has since been in communication with appropriate officials and, on June 5, 2019, received notice that the Director of the Department of Correctional Services would facilitate Plaintiff's request to view the CD (Filings 32, 33, 34). That being the case, the court will grant Plaintiff a limited extension of time, until July 8, 2019, to respond to Defendants' motion for summary judgment.

(2) Filing 28

Also on May 10, 2019, Plaintiff filed a motion for reconsideration of the court's memorandum and order that was entered on April 8, 2019. In that order, the court granted in part and denied in part (1) Defendants' motion to restrict access (Filing 16) and (2) Plaintiff's motion for miscellaneous relief (Filing 19).

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008) (citing *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)). The Eighth Circuit Court of Appeals has stated that "motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.' " *Elder-Keep v. Aksamit*, 460 F.3d 979, 985 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)).[1]

---

[1] Some courts within the Eighth Circuit have disagreed with *Elder-Keep*'s holding, citing a district court's "inherent authority to reconsider interlocutory orders." *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 (W.D. Mo. Jan. 30, 2008) (citing 15B Wright and Miller, *Federal Practice and Procedure* § 3914.28). However, even district courts that have criticized *Elder-Keep* have noted that a court's interest in judicial economy and respect for the finality of court decisions "would be undermined if [a court] were to routinely reconsider its interlocutory orders." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010)). These courts have required the moving party to show "(1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *HM Compounding Servs., LLC v. Express Scripts, Inc.*, No. 4:14-CV-1858 JAR, 2017 WL 2118012, at *1 (E.D. Mo. May 16, 2017) (citing

Because Plaintiff's motion is directed to a non-final order, the Court reviews it under Rule 60(b). A Rule 60(b) motion, brought as a motion for reconsideration, "is not a vehicle for simple reargument on the merits," even where the movant reargues the merits "somewhat more fully." *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999). Rule 60(b) only "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." *Id.* at 990. A motion under Rule 60(b) is to "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)) (internal quotation marks omitted).

Here, there is no allegation of mistake, inadvertence, surprise, excusable neglect, fraud, or changed condition; and no suggestion of legal error by the court. Because Plaintiff does not identify an enumerated reason for the court to grant his motion, he must rely on the catch-all provision of Rule 60(b)(6), affording relief from an order for "any other reason that justifies relief." The court concludes, however, that Plaintiff's arguments do not justify the "extraordinary remedy" of relief under Rule 60(b). *See Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). His motion for reconsideration therefore will be denied.

### (3) Filing 29

In a third filing on May 10, 2019, Plaintiff seeks an order requiring Defendants to preserve the video footage in its original condition. The motion will be denied.

The court finds Plaintiff has made no showing that video footage has been destroyed or altered in any manner.[2] *See Rivera v. Frakes*, No. 4:16CV3180, 2017 WL 1450584, at *4 (D. Neb. Apr. 24, 2017) (denying prisoner's request for an injunction to prevent defendants from destroying video evidence); *Rosa v. Morvant*, 2007 WL 120808, at *2 (E.D. Tex. 2007) (denying preliminary injunction motion by prisoner to prohibit destruction of medical records

---

*Disc. Tobacco.*). Here, Plaintiff had a fair opportunity to argue these matters previously, and granting Plaintiff's motion is not necessary to correct a significant error.

[2] The court's April 8, 2019 memorandum and order did not authorize Defendants to make any alterations to the video footage. The only effect of the court's "redaction" order was to restrict public access to the video footage.

by prison officials where plaintiff failed to show defendants were likely to destroy evidence); *S.E.C. v. Nadel*, 1991 WL 427892, at *2 (S.D. Fla. 1991) (denying plaintiff's motion to enjoin defendants from destroying evidence because defendants had a general duty to preserve evidence and plaintiff did not bring forth any evidence suggesting defendants were likely to destroy evidence). Further, "a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Rivera*, 2017 WL 1450584, at *4 (quoting *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009)).

IT IS THEREFORE ORDERED:

(1) Filing 26, Plaintiff's motion for extension of time, is granted in part, as follows: Plaintiff shall have until July 8, 2019, to respond to Defendants' motion for summary judgment. In all other respects, the motion is denied.

(2) Filing 28, Plaintiff's motion for reconsideration, is denied in all respects.

(3) Filing 29, Plaintiff's motion to preserve and enjoin spoliation of evidence, is denied in all respects.

(4) The clerk of the court shall "term" Defendants' filed objections (Filings 21, 30), so as to remove them from the court's list of pending motions.[3]

DATED this 6th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3] "The party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A).