IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES COTTON,<br><br>  Plaintiff,<br><br>vs.<br><br>WADE STEPHENS, JR., and RAMON ESTEVEZ,<br><br>  Defendants. | 4:18CV3138<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff has filed a motion for clarification of the court's Memorandum and Order that was entered on January 2, 2020 (Filing No. 60). Specifically, Plaintiff inquires as to the meaning of footnote 35, in which the undersigned stated he "will wait until it is known whether an appeal will be taken regarding the denial of the motion for summary judgment on qualified immunity before determining whether counsel should be appointed for Cotton." Plaintiff asks whether this statement means that "the court will exercise its discretion and appoint counsel for him, or whether it would be required for Plaintiff to request the appointment of counsel in this action?" (Filing No. 66, p. 2.) Plaintiff has also filed a separate motion for appointment of counsel (Filing No. 68) and a motion for extension of time (Filing No. 69).

    In response to Plaintiff's question, the court has not made a determination that counsel will be appointed.

    Plaintiff is an inmate at the Nebraska State Penitentiary. Because of concerns about the coronavirus (Covid-19), the Nebraska Department of Corrections has suspended all visitations indefinitely. That being the case, Plaintiff's motion for appointment of counsel will be denied without prejudice to reassertion after the Department of Corrections restores visitation privileges.

    Finally, Plaintiff asks that the case progression schedule be extended to permit him to amend his pleadings. The motion will be denied, as untimely. The deadline

for Plaintiff to file a motion to amend his pleadings was April 20, 2020. (Filing No. 63.) Plaintiff did sign the pending motion for extension of time until April 21, 2020. To the extent Plaintiff is requesting an extension of future deadlines, the motion will also be denied because Plaintiff has made not made an adequate showing.

Finally, to the extent Plaintiff's motion for extension of time may be construed as a request for appointment of an expert witness, "to prove the video taped footage of the assault and excessive force used on Plaintiff, was without a doubt, edited, altered and destroyed, in part" (Filing No. 69, p. 2), it will also be denied. Although Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915, this statute does not provide for the appointment of expert witnesses to aid an indigent litigant. *See Johnson v. Kaemingk*, No. 4:17-CV-04043-LLP, 2020 WL 376589, at *1 (D.S.D. Jan. 23, 2020); *Barnett v. Hill*, No. 1:19-CV-00008 JAR, 2019 WL 3343254, at *1 (E.D. Mo. July 25, 2019); *Greene v. Lake*, No. 17-CV-3551 (NEB/ECW), 2018 WL 4590004, at *2 (D. Minn. Sept. 25, 2018).

Plaintiff is not entitled to affirmative assistance from the court in litigating his claims. *See Baker v. Immanuel Med. Ctr.*, No. 8:06CV655, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007) ("Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery.") A court may appoint an expert for indigent prisoners under Rule 706 of the Federal Rules of Evidence, "but this purpose is to assist the trier of fact from a position of neutrality not to serve as an advocate." *Johnson*, 2020 WL 376589, at *1 (internal quotation marks and citations omitted). The Eighth Circuit Court of Appeals has also "strongly emphasize[d] that this discretionary power is to be exercised only under compelling circumstances." *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984); *see Barnett v. Hill*, No. 1:19-CV-00008 JAR, 2019 WL 4750250, at *1 (E.D. Mo. Sept. 30, 2019); *Greene*, 2018 WL 4590004, at *2-3. There are no such "compelling circumstances" in this case.

IT IS THEREFORE ORDERED:

1.    Plaintiff's motion for clarification (Filing No. 66) is granted to the extent stated in this Memorandum and Order.

2. Plaintiff's motion for appointment of counsel (Filing No. 68) is denied without prejudice to reassertion.

3. Plaintiff's motion for extension of time (Filing No. 69) is denied in all respects.

Dated this 28th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3