IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES COTTON,

        Plaintiff,

  vs.

STEPHENS, and CORRECTIONS
OFFICER  ESTEVEZ, Mr.;

        Defendants.

**4:18CV3138**

**MEMORANDUM
AND ORDER**

This matter is before the court on Plaintiff's motion for a continuance (Filing No. 90) and motion for issuance of subpoenas duces tecum (Filing No. 93). Both motions will be denied.

Plaintiff's motion for a continuance is filed pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>     (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"To request discovery under [Rule 56(d)], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Davis v. Anthony, Inc*., 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008).

Although Plaintiff has filed a declaration stating that he wants to depose both Defendants and numerous defense witnesses, he has not shown that any effort was made previously to obtain the information he now deems essential. The period to conduct discovery in this case began on February 10, 2020. *See* Filing No. 63. The written discovery

deadline was March 26 and the deposition deadline was May 18. *See* Filing No. 65. Plaintiff has not shown good cause for reopening the discovery period.

Rule 56(d)(2) "is not designed to give relief to those who sleep upon their rights" and a district court need not "spare litigants from their own lack of diligence." *Estate of Petersen v. Bitters*, No. 8:16CV183, 2018 WL 3097420, at *2 (D. Neb. June 22, 2018) (quoting *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 29 (1st Cir. 2013)). Delays caused by a party's dilatory behavior, and a failure to timely utilize the discovery mechanisms and remedies available under the Federal Rules, are a sufficient basis for denial of a motion under Rule 56(d)(2). *Id.*

Furthermore, Defendants' motion for summary judgment relies on the same evidence that was presented in support of their previously filed motion for summary judgment, which Plaintiff successfully resisted without conducting any discovery. The only new evidence consists of requests for admissions that Plaintiff failed to answer or object to. Plaintiff's motion to withdraw or amend his deemed admissions to those requests is the subject of another memorandum and order being filed this date.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for a continuance (Filing No. 90) is denied.

2. Plaintiff's motion for issuance of subpoenas duces tecum (Filing No. 93) is denied.

Dated this 4th day of August, 2020.

BY THE COURT:

Richard G. Kopf

Richard G. Kopf
Senior United States District Judge

2