IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES COTTON, | **4:18CV3138** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| WADE STEPHENS, JR., and RAMON ESTEVEZ, | |
| Defendants. | |

This matter is before the Court on Defendants' Suggestion of Death (Filing 113), advising the court that Plaintiff has died. A certificate of service shows that a copy of the Suggestion of Death was mailed to Plaintiff at his last-known addresses on December 21, 2020. Plaintiff is not represented by counsel, and information attached to the Suggestion of Death indicates that a temporary guardianship was terminated on November 10, 2020, following Plaintiff's death. There do not appear to be any living relatives. Defendants request that the action be dismissed.

The Federal Rules of Civil Procedure allow a 90-day period for substitution of a deceased party by his or her successor or representative:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.[1] A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). A statement noting death must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. Fed. R. Civ. P. 25(a)(3).

---

[1] Plaintiff's 42 U.S.C. § 1983 excessive force claims are not extinguished by his death, as pending actions for personal injury do not abate by death of the plaintiff under Nebraska Law. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 981 n. 1 (8th Cir. 2006); Neb. Rev. Stat. Ann. § 25-1402 (Westlaw 2020).

In this case, where service upon a successor or representative does not appear possible, the court will deem the service that was made upon Plaintiff pursuant to Rule 5(a)(2)(C) to be sufficient, and will dismiss this action without prejudice if a motion for substitution is not made within 90 days of such service. *See Rickey R. Thomas v. Robert A. McDonald*, Case No. 8:15CV213 (D. Neb. Apr. 16, 2017) ("The Court finds that in the absence of any readily apparent heir upon whom to serve process, the defendant's service of its notice of the [pro se] plaintiff's death was sufficient.").

Accordingly,

IT IS ORDERED:

1.     The clerk of the court is directed to set a pro se case management deadline with the following text: **March 22, 2021: check for motion for substitution.**

2.     The Final Pretrial Conference scheduled for April 15, 2021, at 10:00 a.m. before Magistrate Judge Cheryl R. Zwart is cancelled, and no Proposed Order on Final Pretrial Conference need be drafted or submitted by defense counsel in advance of that date. (See Filing 114.)

Dated this 22nd day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge